FILED
10/21/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

EDMUND J. HORVATH

CASE NUMBER: 26 CR 549

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about October 20, 2026, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 United States Code, Section 922(g)(9) | knowing that he had previously been convicted of a misdemeanor crime of domestic of violence, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a Palmetto State Armory, model Dagger Compact, 9mm caliber pistol bearing serial number FG186720, which firearm had traveled in interstate commerce prior to defendant's possession of the firearm |

This criminal complaint is based upon these facts:

X Continued on the attached sheet.

SA Brendan Mulvey
BRENDAN J. MULVEY
Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: October 21, 2026

*Judge's signature*

City and state: Chicago, Illinois

JEANNICE W. APPENTENG, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

**AFFIDAVIT**

I, BRENDAN J. MULVEY, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been employed since June 2018. I am currently assigned to the Crime Gun Intelligence Center of Chicago ("CGIC"). The CGIC is a multi-agency, joint-force collaboration to identify, investigate, and prosecute prolific firearms offenders and their sources of crime guns. As part of my duties as a Special Agent at the CGIC, I investigate violent crimes, criminal violations relating to firearms, and firearms trafficking. I have participated in numerous investigations that involve the illegal purchase, trafficking, possession, and use of firearms and ammunition during, and in relation to, crimes of violence. I have received training in the area of firearms investigations, and I have participated in multiple investigations involving violations of federal firearms laws. I have recovered and examined different types of firearms and ammunition and have become familiar with the appearance and characteristics of the make and model of multiple types of firearms.

2. During the course of this investigation, I have worked closely with the Federal Protective Service ("FPS"), a federal law enforcement agency within the Department of Homeland Security ("DHS"), that is responsible for protecting federal buildings and the employees and visitors in and around those facilities, including the John C. Kluczynski Federal Building ("Kluczynski Building"), located at 230 South

Dearborn Street, Chicago, Illinois. Based on my conversations with Special Agent Noel Cotts, the lead FPS agent on this investigation, I also know the FPS' mission is to prevent, protect, respond to, and recover from acts of terrorism and other hazards threatening the federal government's essential services, ensuring the continuity of the U.S. government.

3. This affidavit is submitted in support of a criminal complaint alleging that EDMUND J. HORVATH, defendant, knowing that he had previously been convicted of a misdemeanor crime of domestic of violence, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a Palmetto State Armory, model Dagger Compact, 9mm caliber pistol bearing serial number FG186720, which firearm had traveled in interstate commerce prior to defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(9). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging defendant with unlawful possession of firearm by a person who has previously been convicted of a misdemeanor crime of domestic violence, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that defendant committed the offense alleged in the complaint.

## PROBABLE CAUSE

4. As set forth below, there is probable cause to believe that, on October 20, 2026, at the Kluczynski Building, located at 230 South Dearborn Street, Chicago,

Illinois, defendant, knowing that he had previously been convicted of a misdemeanor crime of domestic of violence, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a Palmetto State Armory, model Dagger Compact, 9mm caliber pistol bearing serial number FG186720, which firearm had traveled in interstate commerce prior to the defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(9).

5. According to law enforcement reports and security video footage I have reviewed, and conversations with other law enforcement officers involved in the investigation, including Special Agent Cotts and FPS personnel who addressed this matter, on the morning of October 20, 2026, shortly after 4:00 a.m., security footage recorded an individual, later identified as defendant, riding a bicycle down an entrance/exit ramp towards an interior garage entrance at the Kluczynski Building. Defendant, according to FPS, has no known affiliation with the Kluczynski Building and was alone on the bicycle at the time.

6. According to a witness statement, a security officer stationed at the interior garage entrance of the Kluczynski Building approached defendant through the window of the secured garage door to request that defendant leave due to the area being a restricted area.[1] According to the witness statement, the security officer subsequently heard shots and saw flashes.

---

[1] FPS confirmed the security officer mentioned in the law enforcement report was later identified as a Protective Security Officer, contract employee with FPS.

7. According to law enforcement reports and security video footage I have reviewed, shortly after defendant entered the entrance/exit ramp towards the interior garage door of the Kluczynski Building where the above-described security officer was stationed, multiple rounds were discharged from a firearm from the same interior garage entrance. These discharged rounds caused both interior and exterior damage to the Kluczynski Building and surrounding infrastructure.

8. According to law enforcement reports and security video footage I have reviewed, and conversations with other law enforcement officers, the Chicago Police Department ("CPD") were dispatched to the scene in response to shots fired and quickly located defendant, alone, and still inside the interior garage entrance at the Kluczynski Building with the same bicycle he had rode down into the building minutes earlier. In immediate vicinity of defendant, the officers observed multiple spent shell casings, and a Palmetto State Armory, model Dagger Compact, 9mm caliber pistol bearing serial number FG186720 (recovered firearm, now secured, displayed immediately below).



9. Defendant was subsequently taken into CPD custody and initially did not want to speak to law enforcement personnel. At the CPD First District police station, and following Miranda warnings, defendant, in summary, admitted to possessing and firing the firearm that morning; and in summary, also stated he was shooting due to people purportedly chasing him. [2]

10. Further, when law enforcement subsequently questioned defendant about his prior domestic violence conviction, defendant, in summary, was noncommittal and stated, "I think so."

11. According to court docket information from the Circuit Court of Cook County, defendant has been previously convicted of a misdemeanor crime of domestic

[2] This investigation is active and ongoing. As such, the affidavit includes a preliminary summary and does not notate every communication or recording, some of which are still being gathered. While summaries of interviews are included in the affidavit, they are not based on final transcripts and the summaries of the interviews and recordings do not include all statements made.

violence. Specifically, on or about March 15, 2024, in Case No. 22DV5024401, in the Circuit Court of Cook County, Illinois, defendant was convicted of domestic battery/physical contact, and sentenced to 30 days' time-served for such offense.

12. ATF Special Agent Michael Donahue, who is trained in conducting interstate nexus examinations of firearms, physically observed the firearm on scene as well as reviewed and examined photographs of the firearm. After observing the firearm and reviewing photographs of the firearm recovered from the scene, Special Agent Donahue preliminarily determined that the firearm was manufactured outside the State of Illinois, and therefore traveled in interstate commerce prior to defendant's possession of the firearm on October 20, 2026.

13. According to Chicago Police Department reports, the above-described firearm was reported stolen from a vehicle in Chicago, on or about October 14, 2026, approximately six days prior to defendant's possession of the firearm at the Kluczynski Building.

## CONCLUSION

14. Based on the foregoing, there is probably cause to believe that, on October 20, 2026, at the Kluczynski Building, located at 230 South Dearborn Street, Chicago, Illinois, defendant, knowing that he had previously been convicted of a misdemeanor crime of domestic violence, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a Palmetto State Armory, model Dagger Compact, 9mm caliber pistol bearing serial number FG186720 which firearm had

traveled in interstate commerce prior to defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(9).

FURTHER AFFIANT SAYETH NOT.

SA Brendan Mulvey
BRENDAN J. MULVEY
Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)

SWORN TO AND AFFIRMED by telephone October 21, 2026.

Jeannice W. Appenteng
Honorable JEANNICE W. APPENTENG
United States Magistrate Judge